UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LADANA HOUSTON                                                                      PLAINTIFF

v.                                              CIVIL ACTION NO. 3:19CV-136-CRS

LOUISVILLE METRO POLICE *et al.*                                    DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff LaDana Houston filed the instant *pro se* action and paid the filing fee. A review of the complaint reveals that this Court lacks jurisdiction over the subject matter contained therein, and the Court will dismiss the action.

**I.**

Plaintiff filed her complaint on the Court-approved general complaint form for filing a civil case (DN 1). She lists the following Defendants: Louisville Metro Police Department (LMPD); Huntsville Police Department; Fort Wayne Police Department; Federal Bureau of Investigations; Magnuson Hotel (Fort Wayne); United Residential Properties; Sealy Realty Tuscaloosa; Bryant Heating and Cooling; Black Diamond Pest Control; and Hamilton Investments. She filed an amended complaint in which she added the following Defendants: Redstone Arsenal Alabama and AMC Commander.

As the basis for this Court's jurisdiction, Plaintiff indicates diversity of citizenship. Where the form asks for the basis of federal question jurisdiction, she states, "Civil Rights." In the "Statement-of-Claim" section, Plaintiff states that she is a "victim of a hate crime (felony stalking harassment) and has sought police protection, but has not been helped by Louisville Metro, Fort Wayne, or Huntsville." She states that she filed a police report with LMPD and "called 911 requesting an officer and an ambulance on 1/25/19." She states that the ambulance

never arrived and "an officer showed up 2 hours later and refused to assist [her]." She continues, "Dana Lamont Corbett is trying to kill the plaintiff with a taser/stun gun style weapon by aiming it at the plaintiff's chest/neck area as she enters and exits her home and while in various parts of the residence." She states, "There are other individuals actively trying to kill [her] as she is an MST veteran and her life was threatened on active duty and she is experiencing stalking/harassment on 24/hr 7-day basis."

In attachments to the complaint form, Plaintiff swears under penalty of perjury that nine listed individuals "have attempted to cause me serious bodily injury to include death[.]" She also swears under penalty of perjury that six vehicles "have attempted to cause me serious bodily injury to include death[.]" She lists two different Black Diamond Pest Control vehicles; 3 different vehicles from R & R Limousine; and a vehicle from Bryant Heating and Cooling.

In another attachment, Plaintiff swears under penalty of perjury that the "persons listed in these statements are actively trying to kill me thru the use of a stun gun style device." She continues, "These devices have very high voltage and cause . . . stroke, heart attack, respiratory distress, etc. These individual are all connected from Huntsville, Alabama, Fort Wayne, Indiana, and Louisville, Kentucky, and Redstone Arsenal, Alabama." Plaintiff further states as follows:

> My life was threatened repeatedly while in the military and these threats are well-documented. These threats to my life wereby I began to witness these persons, began in 2016, just days after a physician within the Department of Veteran's Affairs evaluated me and made favorable decisions concerning my military service and the events that took place while on active duty. I have made appeals to the police and FBI repeatedly for help.

Plaintiff reiterates her statement above about calling 911 on January 25, 2019, stating that an ambulance never came and that it took over two hours for a police officer to come to her

residence "regarding Dana L. Corbett, as he aimed the stun gun @ my heart. The officer (J. Wise) refused to speak with Mr. Corbett."

As relief, she seeks monetary damages.

## II.

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606

(6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006)). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

In the present case, Plaintiff has not met her burden of establishing federal question jurisdiction under 28 U.S.C. § 1331. While Plaintiff broadly states, "Civil Rights" as the basis for federal question jurisdiction, Plaintiff cites no specific U.S. Constitutional provisions or federal statutes in support of her claims. To the extent that Plaintiff may be asserting claims under 42 U.S.C. § 1983, a § 1983 claim requires state action. *West v. Atkins*, 487 U.S. 42, 48 (1988). The only state action alleged by Plaintiff is the alleged failure of LMPD to investigate her allegations concerning Corbett. However, private citizens have no constitutional or federal statutory right to compel the investigation of another person. *See Diamond v. Charles*, 476 U.S. 54, 64-65 (1986); *Walker v. Schmoke*, 962 F. Supp. 732, 733 (D. Md. 1997) (finding that there is no "federally enforceable right for the victim to have criminal charges investigated at all, let alone with vigor or competence") (citation omitted). The Court can discern no other federal cause of action in the complaint. The bulk of the complaint describes various people whom she claims are trying to kill her, which does not give rise to a federal claim. Therefore, the complaint fails to establish federal question jurisdiction.

Additionally, Plaintiff fails to establish diversity jurisdiction as there is not complete diversity of citizenship. *See* 28 U.S.C. § 1332.

Furthermore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). A complaint is "frivolous" if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in fact if it is "'premised on clearly baseless factual allegations that describe fantastic or delusional scenarios, rising to the level of the irrational or the wholly incredible.'" *Selvy v. Dep't of Hous. & Urban Dev.*, 371 F. Supp. 2d 905, 908 (E.D. Mich. May 31, 2005) (quoting *Tenn. ex rel. David Francis Fair v. Comm'r*, No. 3:04-cv-494, 2004 U.S. Dist. LEXIS 26677 (E.D. Tenn. Nov. 4, 2004)). Even liberally construing the *pro se* complaint, which the Court must do, the Court concludes that the allegations meet this standard.

Accordingly, because Plaintiff has failed to establish that this Court has subject-matter jurisdiction over this action, the Court will dismiss this action by separate Order.

Date: May 13, 2019

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Defendants
4411.010